**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| HICA EDUCATION LOAN CORPORATION, | : | |
| | : | **OPINION** |
| Plaintiff, | : | |
| | : | Civ. No. 12-2785 |
| v. | : | |
| | : | |
| BARRY J. MORSE, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**<u>Walls, Senior District Judge.</u>**

HICA Education Loan Corporation moves for default judgment against defendant Barry Morse. Under Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument. HICA's motion for default judgment is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 1995, the Student Loan Marketing Association made a loan to Barry Morse under the federal Health Education Assistance Loan ("HEAL") program in the amount of $10,648.15. Compl. ¶ 5. As consideration for the loan, Morse signed a promissory note (the "Note") payable to the Student Loan Marketing Association for the original amount of the loan and future interest on that amount. *Id.* Ex. 1. The Note was later sold, transferred and assigned to HICA. *Id.* Morse failed to make the payments due under the terms of the Note, and, despite HICA's demands for payment, Morse did not repay the amount due. *Id.* ¶ 8. HICA filed suit on May 9, 2012, alleging that Morse defaulted on his loans. ECF No. 1. Morse was served with a summons and a copy of the Complaint on May 22, 2012, but has not answered the complaint or

NOT FOR PUBLICATION

appeared in this action. ECF No. 4. At HICA's request, the Clerk of the Court entered default against Morse on July 16, 2012. HICA now moves for the entry of a default judgment.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citation omitted). Because a default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).

Courts must consider several factors in determining whether to grant a default judgment. "(1) [P]rejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigatable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

"[T]he factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). The Court, however, makes "an independent inquiry into 'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an independent determination" regarding questions of law. *Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

NOT FOR PUBLICATION

## DISCUSSION

### *Jurisdiction*

Before entering a default judgment as to a party "that has not filed responsive pleadings, 'the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (citation omitted). A judgment entered without personal jurisdiction over the defendant is void. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008).

#### *Subject Matter Jurisdiction*

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. The HEAL program is a federal program governed by the Code of Federal Regulations ("C.F.R."). Borrowers under the HEAL program are required to repay the loan in accordance with the agreed upon repayment schedule. 42 C.F.R § 60.8(b)(4) (1992). HICA alleges that Morse received loans through the HEAL program but failed to repay them. Compl. ¶¶ 5-8. Because a default on a HEAL program loan is a violation of the C.F.R., the Court has subject matter jurisdiction over HICA's claim. *See HICA Educ. Loan Corp. v. Lepera*, No. 11-960 (WHW), 2011 WL 3515911, at *2 (D.N.J., Aug. 10, 2011).

#### *Personal Jurisdiction*

HICA has "the burden of proving personal jurisdiction, [but it] can satisfy that burden with a prima facie showing." *Howard Johnson Int'l v. Patel*, No. 11-918 (WHW), 2011 WL 2148575, at *2 (D.N.J. May 31, 2011) (citation omitted). HICA alleges that Morse is a resident of New Jersey, and that Morse was served in the state of New Jersey on May 22, 2012. Compl. ¶

**NOT FOR PUBLICATION**

2; ECF No. 4. This Court has personal jurisdiction over Morse.

*Liability*

Because a party seeking a default judgment is not entitled to such relief as a matter of right, the court may enter a default judgment "only if the plaintiff's factual allegations establish a right to the requested relief." *Nautilus Ins. Co. v. Triple C Const., Inc.*, No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011).

*Default*

HICA alleges that Morse owes the principal for, and unpaid interest on, one HEAL program loan. Compl. ¶ 11. HICA has provided the promissory note signed by Morse pledging to repay the principal amount of the loan as well as interest and other undetermined charges, costs and fees set forth in the note. *Id.* Ex. 1. Under the Code of Federal Regulations, "[t]he borrower [of a loan under the HEAL program] must pay all interest charges on the loan as required by the lender or holder" and "must repay the loan in accordance with the repayment schedule." 42 C.F.R. §§ 60.8(b)(2), (b)(4). HICA alleges that Morse has failed to make the payments that are due under the terms of the note. Compl. ¶ 10. HICA's allegations establish a breach of the Code of Federal Regulations.

*Late Charges, Attorneys' Fees, and Court Costs*

"If the borrower [of a loan under the HEAL program] fails to make payments on the loan on time, the total amount to be repaid by the borrower may be increased by additional interest, late charges, attorney's fees, court costs, and other collection charges." 42 C.F.R. § 60.8(b)(6). Because HICA alleges that Morse failed to repay his loan, he is liable for late charges, attorney's fees, court costs, and any other charges permitted by the Federal Regulations.[1]

---

[1] While Plaintiff argues entitlement to these additional charges (Compl. ¶ 12), it has failed to specify what all of these charges consist of, and the amount of all of these charges.

NOT FOR PUBLICATION

*Propriety of Entry of Default Judgment*

HICA has properly served the defendant with process, the Clerk of the Court has entered default against him, and plaintiff has established a legitimate cause of action. The Court now determines whether default judgment is appropriate, by evaluating "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164.

The Court finds that all factors favor the granting of a default judgment. First, if a default judgment is not entered, HICA will continue to be harmed "because [it] will not be able to seek damages for [its] injuries, due to defendant's continuing refusal to comply with Court orders." *See Newman v. Axiom Worldwide*, No. 06-5564 (WHW), 2010 WL 2265227, at *5 (D.N.J. June 2, 2010). Furthermore, the amounts owed by Morse are subject to interest. Morse will owe HICA more money the longer HICA does not receive payment, causing additional harm. *See Cathay Bank v. Green Natural Food, Inc.*, No. 09-5200, 2010 WL 1541509, at *2 (D.N.J. Apr. 10, 2010).

Second, Defendant has not filed anything with the Court, and the facts asserted in the Complaint do not contain any information that could provide the basis for a meritorious defense. The Court assumes that the defendant has no litigable defense available to him. *Rose Containerline, Inc. v. Omega Shipping Co., Inc.*, No. 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011). *See also Directv, Inc. v. Asher,* No. 03-1969, 2006 WL 680533, at *2 (D.N.J. Mar. 14, 2006) (granting default judgment where defendant "has not responded in any fashion," "has not asserted any meritorious defense," and has not "offered any excusable reason for his default").

**NOT FOR PUBLICATION**

Finally, Morse's delay appears to be the result of his own culpable conduct. Culpable conduct is defined as "conduct that is taken wilfully or in bad faith." *Hill v. Williamsport Police Dept.*, 69 F. App'x 49, 52 (3d Cir. 2003) (quotations and citation omitted). "Reckless disregard for repeated communications from plaintiffs and the court … can satisfy the culpable conduct standard." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (citation omitted). Here, Morse has disregarded all communications from HICA and the record does not suggest any good faith justification for his failure to respond. There is no evidence "that defendant's failure to respond to plaintiff's complaint was caused by anything other than defendants' own culpability and willful negligence." *Platypus Wear, Inc. v. Bad Boy Club, Inc.*, No. 08-2662, 2009 WL 2147843, at *5 (D.N.J. July 15, 2009). The Court presumes that Morse acted culpably because he has "failed to answer, move, or otherwise respond." *Stonebridge Bank v. Nita Properties., LLC*, No. 09-5145, 2011 WL 380759, at *6 (D.N.J. Jan. 31, 2011) (citing *Slover v. Life Universe, Inc.*, No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009)).

***Damages***

The only allegations in a plaintiff's complaint that are not treated as true upon the entry of a default judgment are those pertaining to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The Court conducts an inquiry in order to ascertain the amount of damages with reasonable certainty. *Stonebridge Bank*, 2011 WL 380759, at *6.

HICA alleges that it is owed $6,256.00 in unpaid principal from the loan, as well as prejudgment interest that, as of June 26, 2012, totaled $108.52, with interest continuing to accrue after that date at the variable rate set forth in the Note, which, when calculated, amounts to a rate of $0.53 per day. Decl. of Robin Zimmerman, ¶ 2.

**NOT FOR PUBLICATION**

The Court observes that under the terms of the Note, the variable rate of interest is "a yearly rate of interest which is equal to a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 3 percent, rounding this figure up to the nearest 1/8 of 1 percent." Compl. ¶ 11 n.2.

The Court finds that HICA is entitled to $6,256.00 in unpaid principal, $108.52 in accrued, unpaid interest, and pre-judgment interest of $0.53 per day from June 26, 2012 to the date of this judgment. The Court also finds that HICA is entitled to post-judgment interest at a yearly rate of interest which is equal to a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 3 percent, rounding this figure up to the nearest 1/8 of 1 percent.

Plaintiff further alleges that it is owed all other costs set forth in the Note, including attorney's fees and other fees, costs and charges that are permitted by federal regulations, the amounts of which have yet to be determined. Plaintiff is directed to submit adequate evidence documenting any additional fees, costs and charges it seeks within fourteen days of this opinion.

## CONCLUSION

The Court concludes that default judgment is suitable in this case.


August 28, 2012


**/s/ William H. Walls**
United States Senior District Judge
